UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLOS ABREU,

                      Plaintiff,

      v.                                            9:18-CV-0989
                                                          (MAD/ATB)

MS. WELLS, et al.,

                      Defendants.

---

APPEARANCES:

CARLOS ABREU
99-A-3027
Plaintiff, pro se
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821

MAE A. D'AGOSTINO
United States District Judge

## DECISION and ORDER

## I.    INTRODUCTION

In August 2018, pro se plaintiff Carlos Abreu ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the Residential Mental Health Unit ("RMHU") at Marcy Correctional Facility ("Marcy C.F."). *See generally* Dkt. No. 1 ("Compl."). In a Decision and Order filed on November 12, 2018, (the "November Order"), the Court granted Plaintiff's application to proceed in forma pauperis and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 5. On the basis of that review, the Court directed a response to the following: (1) Eighth

Amendment excessive force and failure-to-intervene claims against Beckwith, Mr. Dunn, Champlin, Brown, Dougherty, Germond, Hamburg, Russo, Wells, and Cole; (2) Eighth Amendment deliberate medical indifference claims against Beckwith, Mr. Dunn, Champlin, Brown, Dougherty, and Stevens based on their disregard of plaintiff's requests for medical treatment following the use-of-force incidents on July 26, 2018 and August 1, 2018; (3) Eighth Amendment deliberate medical indifference claims against Stevens; (4) Eighth Amendment conditions of confinement claims against Collins, Carter, Thomas, Kierpiec, Donahue, Wells, Weinkauf, Wilsey, Germond, Russo, Hamburg, Banks, Rados, Ms. Dunn, Corey, Uplenzano, Sanatoro, Patrick, Bilow, Christopher, Kalies, Petras, and Santopietro; (5) First Amendment retaliation claims against Collins, Carter, Thomas, Kierpiec, and Donahue; and (6) state law assault claims against Beckwith, Mr. Dunn, Champlin, Germond, and Hamburg. *See generally*, Dkt. No. 5. On November 13, 2018, the Court directed Plaintiff to provide thirty copies of the Complaint and signed and completed USM-285 forms for service no later than December 31, 2018. *See id.* at 40; Dkt. No. 6.

On January 23, 2019, the Court issued an Order extending Plaintiff's time to provide the documents for service until February 28, 2019. Dkt. No. 7 ("January 2019 Order"). To date, Plaintiff has not provided these documents. Presently before the Court is Plaintiff's motion for a preliminary injunction and stay of the proceedings. Dkt. No. 8. Plaintiff also asks the Court to schedule a conference to "discuss and resolve the [issues] with [his] outgoing legal mail[] and legal copies." *See id.* at 8.[1]

---

[1] Shortly after Plaintiff filed his motion, he filed a notice of appeal of the January 2019 Order. Dkt. No. 9. Plaintiff's notice of appeal is clearly defective in that it is an appeal of an order that is not a final decision or appealable interlocutory order. As such, Plaintiff's filing of the notice of appeal does not divest this Court of its jurisdiction over this action. *See U.S. v. Rodgers*, 101 F.3d 247, 252 (2d Cir. 1996) (deeming notice of appeal taken from non-final order as "premature" and a "nullity," and holding that the notice of appeal did not divest the

2

## II. DISCUSSION

On August 21, 2018, Plaintiff was transferred from Marcy C.F. to Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 8 at 5. Plaintiff claims that from September 2018 to the present, "prison officials" tamper with, and refuse to forward, his legal mail.[2] *Id*. at 1. Plaintiff further claims that Superintendent Miller, the Deputy Superintendent, and "other officials" at Great Meadow C.F. have ordered the Business Office, mail clerk, and supervisors in the Behavioral Health Unit and Special Housing Unit to confiscate and/or destroy his outgoing legal mail. *Id*. at 3, 4.

On September 17, 2018 and January 7, 2019, Plaintiff attempted to mail documents for service to this Court, but the mailroom refused to process his mail. Dkt. No. 8 at 7. Additionally, on December 20, 2018 and January 29, 2019, "all" of Plaintiff's legal papers were confiscated. *Id*. at 3.

Plaintiff claims that officials at Great Meadow C.F. are acting in retaliation for pending lawsuits he has filed against Miller and other DOCCS' officials.[3] Dkt. No. 8 at 4. Liberally

---

district court of jurisdiction); *Burger King Crop. v. Horn & Hardart Co.*, 893 F.2d 525, 527 (2d Cir.1990) (holding that notice of appeal taken from non-final judgment was "premature, and did not divest the district court of jurisdiction to amend the judgment"); *Leonhard v. U.S.*, 633 F.2d 599, 610 (2d Cir. 1980) ("[W]e see no efficiency to be gained by allowing a party arbitrarily to halt the district court proceedings by filing a plainly unauthorized notice which confers on this Court the power to do nothing but dismiss the appeal"); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2008 WL 5273960, at *1 (E.D.N.Y. Dec. 18, 2008) (citation omitted) ("An exception . . . [to the general rule that an appeal deprives a district court of jurisdiction] applies where it is clear that the appeal is defective, for example, because the order appealed from is not final and has not been certified for an interlocutory appeal."); *Hoffenberg v. U.S.*, No. 00-CV-1686, 2004 WL 2338144, at *2 (S.D.N.Y. Oct. 18, 2004) ("Where, however, a notice of appeal has been filed from an order that is non-appealable, jurisdiction does not rest with the Court of Appeals but remains with the district court.").

[2] Plaintiff asserts that the within motion was forwarded to the Court by another inmate at Great Meadow C.F., on his behalf. Dkt. No. 8 at 1.

[3] In addition to issues involving his legal mail, Plaintiff claims that officials at Great Meadow C.F. refuse to process his grievances, and deny his requests for sick call, counseling services, programming, and cleaning supplies. Dkt. No. 8 at 7. Plaintiff alleges that he is confined to his cell for twenty-four hours each day and forced to endure "harsh" conditions of confinement. *Id*.

3

construed, Plaintiff seeks an Order directing "DOCCS and prison officials at Great Meadow C.F." to provide him with copies of the documents required for service in this action, scheduling a conference "to resolve issues" related to his legal mail, and staying all court deadlines in his pending cases. *Id.* at 8.

### A. Injunctive Relief

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "The district court has wide discretion in determining whether to grant a preliminary injunction." *Id.* at 511. To succeed on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *Citigroup Global Markets, Inc. V. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.' " *Id.* (quoting *Citigroup*, 598 F.3d at 35 n.4).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3

(W.D.N.Y. Mar. 10, 2006) (citations omitted)*; see also Allen v. Brown*, No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint and thus plaintiff "failed to establish either a likelihood of succeeding on the merits of his underlying claim, or sufficiently serious questions going to the merits of such claim and a balance of hardships tipping decidedly toward" the plaintiff).

As discussed *supra*, this action involves constitutional violations that occurred, if at all, at Marcy C.F. The remaining defendants were employed at Marcy C.F. at the time of the alleged incidents and are not associated with Great Meadow C.F. To the extent that Plaintiff seeks injunctive relief against entities that are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even if the Court could provide relief with respect to the alleged wrongdoing, the motion would still be denied because the claims asserted in the motion are unrelated to the underlying claims. In the operative pleading, Plaintiff asserts claims related to excessive force, failure-to-intervene, deliberate medical indifference, inadequate conditions of confinement, and retaliation that arose at Marcy C.F. *See generally*, Dkt. No. 5. In the present motion, Plaintiff alleges facts related to his legal mail, retaliation, and Eighth Amendment violations at Great Meadow C.F., his present place of confinement. Thus,

Plaintiff cannot establish a likelihood of success on the merits and his request for injunctive relief is denied. *See Mitchell v. New York State Dep't of Corr. Srvs.*, No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (finding that the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in this action, except for the fact that they arise in the prison context).[4]

### B. Additional Relief

While Plaintiff has not established that he is entitled to preliminary injunctive relief, as it relates to his legal mail, the Court is not without the authority to resolve the issues. The Court has directed Plaintiff to provide copies of documents so that service may be effectuated. Assuming Plaintiff's allegations are true, officials at Great Meadow C.F. are impeding Plaintiff's attempts to comply with this Court's directives.

The Court has the inherent authority to manage its docket, and this case cannot proceed until service is effectuated. Accordingly, and for the sake of judicial economy, the Court sua sponte directs the Clerk of Court to send a copy of the Complaint, the November Order, and this Decision and Order to the Office of the New York State Attorney General.[5] The Court requests that the Attorney General's Office contact prison officials at Great Meadow C.F. to determine what issues (or restrictions), if any, Plaintiff is experiencing with copying legal materials and submitting and receiving legal mail, and how any such issues (or restrictions) may be resolved. The Attorney General's Office is directed to provide the Court

---

[4] Plaintiff is advised that concerns regarding his current conditions of confinement at Great Meadow C.F. should be addressed through administrative channels at Great Meadow C.F. and the New York State Department of Corrections and Community Supervision and, if necessary, by means of a properly filed action in the appropriate District Court.

[5] The Attorney General's Office need not undertake to defend or indemnify any defendant at this juncture.

with a status report related to these issues within thirty days.

Plaintiff's deadline to provide the documents for service is stayed pending receipt of a status report from the Attorney General's Office.[6]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for preliminary injunctive relief (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for a stay of the proceedings (Dkt. No. 8) is **GRANTED** consistent with this Order; and it is further

**ORDERED** that Plaintiff's motion for a conference (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of the Complaint, the November Order, and this Decision and Order to the Office of the New York State Attorney General; and it is further

**ORDERED** that the Attorney General's Office is hereby requested to produce the information specified above, to the extent that it can, within thirty (30) days of the filing date of this Decision and Order. The information should be sent to the Clerk of the Court for the Northern District of New York along with a copy of this Decision and Order, as well as to Plaintiff at his address of record. Once this information is provided, the Clerk shall return this file to the Court for further review; and it is further

---

[6] Despite Plaintiff's claim that he would be released from DOCCS' custody on February 6, 2019, Plaintiff is still confined at Great Meadow C.F. *See* http://nysdoccslookup.doccs.ny.gov (last visited March 6, 2019).

7

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 8, 2019
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge